# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **Sheila S. Lang,** | **Civil No. 07-1031 (MJD-JJG)** |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| **Michael J. Astrue,** | |
| Defendant. | |

The above matter comes before the undersigned on the parties' joint motion for judgment (Doc. No. 19). Plaintiff Shiela Lang is represented by Neut L. Strandemo, Esq. Defendant Michael Astrue, appearing in his official capacity as the Commissioner of the Social Security Administration (SSA), is represented by Lonnie F. Bryan, Assistant United States Attorney. The motion is referred to this Court for a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(c).

This litigation arises out of an attempt by the SSA to recover an overpayment of disability insurance benefits. When Ms. Lang (Lang) recovered from her disability and resumed employment, she purportedly informed the SSA about this development and inquired whether she should still be receiving benefits. Yet the SSA continued to remit benefits, and one of its staff members may even have reassured Lang that she was properly receiving them.

Upon discovering the error, the SSA commenced administrative proceedings against Lang. Opposing recovery of the overpayment, Lang argued that her actions were in good faith and that the SSA therefore waived its right to recover. This dispute proceeded to an administrative law judge (ALJ), who found that Lang was credible, but nevertheless held that the SSA was entitled to recover the overpayment.

Lang then brought the current litigation, seeking judicial review of the decision by the ALJ, and arguing the decision was not founded on substantial evidence. After Lang moved for summary judgment, the parties brought their current joint motion for judgment. They indicate their agreement that the underlying decision should be reversed and remanded to the ALJ for further proceedings in accordance with 42 U.S.C. § 405(g).

The parties' joint motion does not specify any procedural reasons for entry of judgment, nor does it cite a particular rule, except to invite reversal "after substantive review." It may be that the Commissioner does not want to concede any legal or factual issues that would be reexamined by the ALJ on remand.

In her motion for summary judgment, Lang seeks an outright reversal of the ALJ's motion. In the parties' joint motion, however, the parties seek reversal *and* a remand to the ALJ for further proceedings. Under the circumstances, the only reasonable inference is that the Commissioner does not challenge the *merits* of Lang's motion for summary judgment, but may have differed about the appropriate remedy. It is now evident that the parties have resolved this dispute.

Notwithstanding this scenario, some comment on the merits is appropriate here. The SSA cannot recover overpayment where the recovery is "against equity and good conscience." 42 U.S.C. § 404. To determine whether recovery offends these principles, the issue is whether the recipient was without fault. 20 C.F.R. § 404.507. Where the record only shows that a recipient acted in good faith and did not have reason to know of the overpayment, there is no substantial evidence of fault, and the SSA cannot recover. 20 C.F.R. §§ 404.510, 404.512.

A recipient acts in good faith where that person reasonably relies on official representations by the SSA. 20 C.F.R. § 404.510(b); *Gladden v. Callahan*, 139 F.3d 1219 (8th Cir. 1998). The record

suggests that Lang relied in good faith on such communications here. More importantly, the record lacks any indication that she was at fault. For this reason, the decision of the ALJ was not based on substantial evidence. It is appropriate enter judgment and to reverse and remand for further proceedings in accordance with sentence four of 42 U.S.C. § 405(g). *See Faucher v. Secretary of Health & Human Servs.*, 17 F.3d 171, 175-76 (6th Cir. 1994).

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. The parties' joint motion for judgment (Doc. No. 19) be **GRANTED.**

2. The decision of the ALJ be **REVERSED** and this matter **REMANDED** for further proceedings before the SSA.

3. Lang's motion for summary judgment (Doc. No. 6) be **DENIED AS MOOT.**

4. This matter be **DISMISSED** in its entirety and judgment entered.

Dated this 14th day of September, 2007.        s/Jeanne J. Graham

JEANNE J. GRAHAM
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by October 4, 2007. A party may respond to the objections within ten days after service. Any objections or responses filed under this rule shall not exceed 3,500 words. The District Court shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.